CYRENIUS L. McCASH, Trustee, Appellee, v. MARY BELLE DERBY, Appellant, MILTON M. DAYTON and WILLIAM BARTSCHER, Appellees.

**Trusts:** CONSTRUCTION: BENEFICIARIES. In this action to determine
1    the beneficiaries under a trust deed it appeared that the donor had previously created a life estate in the property, but by the terms of the deed the trustee was directed, in case the life tenant survived her and died without issue, to convey the property to the heirs of the donor in such shares as they would have received had she died owning the property. The donor died testate and bequeathed the residue of her property to her children, including the life tenant. *Held,* that as the duties of the trustee were fixed and irrevocable by the terms of the deed itself and in no manner subject to the direction of the grantor, the identity of the beneficiaries to whom the trustee was to convey was to be determined from the deed, independently of the will.

**Same:** The provision of the trust deed that in case of the death of
2    the life tenant without issue the trustee was to convey the property to the heirs of the donor, fixed the class who should receive the property as grantees, and amounted to a distribution of the property among living children of the donor and the representatives of those deceased.

**Same:** WILLS: CONSTRUCTION. Under the provisions of the trust
3    deed in suit, directing a conveyance of the property to the children of the life tenant upon her death, if any, but in case she left no issue then to the children of the donor, the life tenant though surviving the donor, but without issue, took no interest in the remaining estate which would pass by her will.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

Tuesday, February 11, 1913.

Action brought by the plaintiff as trustee to determine the beneficiaries of a certain trust deed. A controversy is presented by the claims of the parties as to their respective interests in certain real estate described in the trust deed. It is the claim of appellant Derby that she has two-thirds interest in such real estate. As an alternative claim she contends that, if she is not entitled to two-thirds, she is entitled to at least two-fifths thereof. The trial court awarded her one-fourth thereof only, and she has appealed. The grounds of her contention are stated in the opinion.—*Affirmed.*

*Blake & Wilson,* for appellant.

*Seerley & Clark,* for appellee McCash, Trustee.

*W. L. Cooper,* for appellee Dayton.

*Power & Power* and *A. M. Antrobus,* for appellee *Mennen.*

Evans, J.—The property in controversy is a certain lot in the city of Burlington. The parties' all claim under their ancestor, Mary McCash, who was the owner of said lot prior to January 27, 1893. On that date she conveyed to her daughter Grace a life estate to such lot. On September 27, 1893, she conveyed the remainder by "trust deed" to the plaintiff herein. Such conveyance was made in express terms subject to the life estate of her daughter Grace. The duty of the trustee was specified in the first and second sections of the trust deed as follows:

First. That if at the death of my daughter Grace L. McCash, if she shall have been married and shall have child or children living, or shall have had child or children and he or they shall have died leaving issue, I direct my trustee

herein named to execute to the said party or parties a deed conveying the title to the west seventy-eight (78) feet of said lot nine hundred and twenty-four (924), original city of Burlington, Iowa, in such shares as they would have received had the said Grace L. McCash died seised of the said property in fee simple..

Second. If said Grace L. McCash die, and there are no beneficiaries to take said property, as provided in section 1, then I direct my trustee herein named to execute this trust by conveying the title to the west seventy-eight (78) feet of said lot nine hundred and twenty-four (924), original city of Burlington, Iowa, to the grantor herein, Mary McCash, if she be living, and if she be dead, that said trustee execute a deed to the heirs of said Mary McCash in such shares as they would have received had the said Mary McCash died owning the said property in fee simple.

Mary McCash was the mother of five children. Before her death, two of these had died, each leaving, respectively, an only child. These grandchildren appear in the record as Dayton and Bartscher, and it is conceded that each is entitled to take the share of his deceased mother. Mary McCash was survived by three living children, viz., the plaintiff, Mrs. Derby, and Grace McCash, since deceased.' Some time prior to February, 1911, Mary McCash died testate. In February, 1911, Grace McCash died testate, leaving no husband nor issue. The will of Mary McCash was executed in 1900. It contained no specific reference to the real property described in the trust deed. It did contain a residuary clause disposing of all "residue" in equal parts to her three living children, Cyrenius L. McCash, Mary Belle Derby, and Grace L. McCash. Grace McCash by her will made the defendant Mrs. Derby her sole beneficiary, and bequeathed to her all her property of every kind.

It will be noticed from the second section of the trust deed above quoted that, if Grace McCash survived her mother and died without issue, then the trustee was directed to "execute a deed to the *heirs* of said Mary McCash *in such*

*shares* as they would have received had the said Mary McCash died owning the said property in fee simple.'' It is the contention of Mrs. Derby that, by this provision of the deed, the trustee was bound to take notice of the will of Mary Mc-Cash, and to convey the trust property to the beneficiaries named in such will. She contends, further, that she is entitled to take one-third of the property under the residuary clause of her mother's will, and that she is entitled to take another one-third thereof as sole beneficiary of the will of her sister Grace. To put it in another way, she contends that the will of her mother fixed the grantees to whom the trustee should convey, and that, under such will, Grace would take one-third share, and that such share inured to the benefit of Mrs. Derby as sole beneficiary of the will of Grace. If this contention should not be sustained, then, as an alternative, she claims that Grace would take one-fifth of the property as heir of her mother, and that such share would inure to the benefit of Mrs. Derby as sole beneficiary of the will of Grace.

I.   There is a fallacy that runs through the argument of the appellant, in that it is assumed therein that the trust deed executed in 1893 and the later will of Mary McCash should be construed together as one testamentary instrument. So far as the title to this particular lot is concerned, the will of Mary McCash is quite foreign to the case. The will of Grace is still more so. The beneficiaries of the trust deed will take the title through the trust deed and through nothing else. In the trust deed before us the trust was fully declared and its conditions specified. No power of revocation was reserved nor was any interest in the property retained. True, one contingency was specified wherein it would become the duty of the trustee to convey the property to the grantor, but such contingency never happened. Whichever of the specified contingencies should happen, the duty of the trustee was fixed and irrevocable by the terms of the deed itself, and was in

1. TRUSTS: construction: beneficiaries.

no manner subject to the will or direction of the grantor. It is conceded of record that the grantor parted with possession of the property at the time of the conveyance of the life estate to Grace, and that she never exercised any dominion over the same thereafter. The effect of her trust deed was to pass from her the title to the remainder, and to transfer it to the trustee for the purpose specified. See *Craven v. Winter*, 38 Iowa, 471; *Lewis v. Curnutt*, 130 Iowa, 423; *Forney v. Remey*, 77 Iowa, 550; *McCartney v. Ridgway*, 160 Ill. 129 (43 N. E. 826, 32 L. R. A. 555); *Foreman v. Archer*, 130 Iowa, 55. In order, therefore, to ascertain the identity of the proposed grantees or beneficiaries to whom the trustee must convey, we must be governed by the provision of the trust deed itself.

II. Looking to the last clause of section 2 of the trust deed which we have quoted above, viz., "that said trustee execute a deed to the heirs of said Mary McCash in such shares as they would have received had the said Mary McCash died owning the property in fee simple," Mrs. Derby contends that the trustee must convey to the persons who would have received the property if Mary McCash had owned the same in fee simple at the time of her death. She argues that this would carry the property to the residuary devisees of the mother's will. But the trust deed requires the trustee to convey to the "heirs," and not to the "devisees" of Mary McCash. The term "heirs" fixed the class of those who should take as grantees. The remainder of the clause fixed the extent of interest or share which each grantee should take. It amounted to a provision for equality of distribution as between her living children and the representatives of those deceased.

2. Same.

III. Was Grace McCash a beneficiary under the trust deed? Did the trust deed carry to her any beneficial interest in the remainder after the termination of her life estate? Did the trust deed specify any condition or contingency whereby it should become the duty of the trustee to convey to Grace any interest in the

3. Same: wills: construction.

remainder? These queries all must be answered in the negative. By the terms of the trust deed the final grantees could be ascertained only on the death of Grace and the termination of her life estate. If she left issue, then these took the remainder of the fee. If she left no issue, and yet survived her mother (as she did), then the class of takers of the remainder became fixed as the "heirs" of the mother. Such heirs, however, would take not by descent from the mother, nor yet under the will of the mother, but by conveyance from the trustee in strict accord with the terms of the trust deed. By these terms such class could include only those who survived Grace. *Birdsall v. Birdsall,* 157 Iowa, ——; *Jordon v. Hinkle,* 111 Iowa, 43. It follows, therefore, that the will of Grace McCash carried nothing to Mrs. Derby so far as the property in suit is concerned. Applying the provisions of the trust deed to the conceded facts as they existed at the time of the death of Grace, the plaintiff and Mrs. Derby are each entitled to one-fourth of the property as the only children of their mother surviving the daughter Grace, and the defendants Dayton and Bartscher are each entitled to one-fourth share as the only children, respectively, of the two deceased daughters.

This was the conclusion of the trial court, and its order is *Affirmed.*